STATE OF NORTH CAROLINA v. FREDDIE LEVESTER SIMONS

No. 7218SC742

(Filed 20 December 1972)

**Criminal Law § 23— plea of guilty**
     Defendant's plea of guilty to armed robbery was entered freely, understandingly and voluntarily.

APPEAL by defendant from *Seay, Judge,* 29 May 1972 Criminal Session, Superior Court, GUILFORD County.

By bill of indictment, proper in form, defendant was charged with armed robbery. At trial, he entered a plea of

guilty, and judgment was entered sentencing him to imprisonment for a term of 20 years. Defendant appealed, and is represented on appeal by the Assistant Public Defender for the Eighteenth Judicial District.

*Attorney General Morgan, by Assistant Attorney General Eagles, for the State.*

*Dallas C. Clark, Jr., Assistant Public Defender, Eighteenth Judicial District, for defendant appellant.*

MORRIS, Judge.

Upon defendant's plea of guilty, the court questioned him extensively to determine whether defendant understood the charge against him; the possible penalty for the offense; whether he was then under the influence of narcotics or alcohol; and whether his plea was freely, understandingly and voluntarily given without compulsion, duress, or promise of leniency. Defendant, under oath, answered the questions and signed a transcript thereof. Thereupon, the court entered its adjudication that the plea was freely, voluntarily and understandingly entered. The transcript of plea and the adjudication of the court are made a part of the record in compliance with *Boykin v. Alabama,* 395 U.S. 238, 23 L.Ed. 2d 274, 89 S.Ct. 1709 (1969).

Evidence presented tended to show that defendant entered the Diplomat Motel and inquired of the clerk whether a certain person was registered there. While the clerk turned to check his files, defendant put a nylon stocking on his head. When the clerk turned back to give the information requested, defendant pointed a pistol at him, handed him a bag and demanded that the clerk fill it with money. The clerk complied and was then told to lie on the floor for 10 minutes and that if he didn't "he was dead." The clerk had seen defendant pull into a parking lot near the motel. After defendant left, the clerk called the police and gave a description of the car and the robber. The officers stopped the car on Highway 29 North and observed a weapon partially concealed under the seat and also a piece of nylon hose in the car. This was a portion of a stocking 11 to 12 inches in length and knotted at one end. The description of the driver fitted the description of the robber given by the motel clerk.

Character witnesses for defendant testified that he had never been known to be in trouble until he "got into the drug

problem at A & T University." This *is* apparently another of the increasing incidents of crimes committed in order to purchase drugs. However unfortunate defendant's position may be, we find no error in the proceedings resulting in his imprisonment. The indictment is valid, his plea was voluntary, and the sentence imposed is considerably less than the statutory maximum.

No error.

Chief Judge MALLARD and Judge HEDRICK concur.